# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DWAYNE J. DENNIS and HAZEL R.D. DENNIS**,<br><br>          Plaintiffs,<br><br>     v.<br><br>**WELLS FARGO BANK, N.A. and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**,<br><br>          Defendants. | Case No. 3:18-cv-1049-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

In this lawsuit, Plaintiffs Dwayne and Hazel Dennis, representing themselves, seek to enjoin the foreclosure of their home and obtain money damages. Their lawsuit relates to a line of credit secured by their home that Plaintiffs obtained in 2005 from Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Both Wells Fargo and Defendant Quality Loan Service Corporation of Washington ("Quality Loan") have moved to dismiss Plaintiffs' claims, as alleged in the Amended Complaint.

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-*

PAGE 1 – ORDER

*Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

Both parties have submitted numerous exhibits to the Court, often at the Court's invitation, relating to the underlying events. Without objection by the parties, the Court takes judicial notice of all the loan-related documents submitted by the parties.

Plaintiffs contend that they do not have a loan with Wells Fargo and that Wells Fargo credited their checking account with $204,000 "without [their] authorization, permission or signature." ECF 30. But the records indicate that on or about October 4, 2005, Plaintiffs signed an agreement in favor of Wells Fargo for a credit line of $204.000.00 (the "Loan"). ECF 55, Ex. 1. To secure repayment of the Loan, Plaintiffs signed a Deed of Trust, which granted a security interest in Plaintiffs' home to Wells Fargo Financial National Bank as Trustee and Wells Fargo Bank, N.A. as "Beneficiary/Lender." ECF 55, Ex. 2. The Deed of Trust indicates that is secures a maximum debt obligation of $204,000.00 and granted the "power of sale" to the trustee for the benefit of Wells Fargo in the event Plaintiffs defaulted on their obligation to repay the

Loan. ECF 55, Ex. 3. In 2005, Plaintiffs received $204,000 from Well Fargo pursuant to

Plaintiffs' line of credit. In 2015, Plaintiffs defaulted on their payments due under the Loan. In

March 2018, Wells Fargo sent Plaintiffs a notice of default, informing them that they now owed

a total amount of $206,837.84, consisting of principal borrowed plus interest less payments

made. ECF 55, Ex. 4. Because Plaintiffs signed the documents relating to the Loan, received the

proceeds of the Loan, and failed to make all payments when due, Plaintiffs' claims alleged in the

Amended Complaint lack facial plausibility and are thus subject to dismissal.

In their response to Wells Fargo's motion to dismiss, Plaintiffs recite, among other

things, the several causes of action that appear in the caption of their Amended Complaint. As

stated above, however, the Ninth Circuit has explained that to be entitled to a presumption of

truth, allegations in a complaint "may not simply recite the elements of a cause of action," *Starr*,

652 F.3d at 1216. The Court recognizes that it is often difficult for individuals untrained in the

law to represent themselves in a federal court lawsuit. For that reason, the Court provides certain

allowances to parties who represent themselves. But Plaintiffs' Amended Complaint is

insufficient to state a plausible claim for relief.

Defendants' motions to dismiss (ECF 54 and ECF 56) are GRANTED. Plaintiffs may

have 28 days from the date of this Order to file a second amended complaint, if they believe they

can cure the deficiencies identified in this Order. If Plaintiffs do not timely file a sufficient

second amended complaint, this action will be dismissed.

**IT IS SO ORDERED.**

DATED this 22nd day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge