# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DWAYNE J. DENNIS and HAZEL R.D. DENNIS**, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>**WELLS FARGO BANK, N.A. and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**, <br><br>　　　　　Defendants. | Case No. 3:18-cv-1049-SI <br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On January 22, 2019, this Court granted Defendants' motions to dismiss, but also granted leave to Plaintiffs Dwayne and Hazel Dennis to file a second amended complaint if they believed they could cure the deficiencies identified in that Order. ECF 62. Plaintiffs filed their second amended complaint on February 14, 2019. ECF 63. Defendants now move to dismiss the second amended complaint for failure to state a claim. ECF 65, 66. For the reasons that follow, the second amended complaint is dismissed with prejudice.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

## DISCUSSION

Plaintiffs, representing themselves, sought in their initial complaint to enjoin the foreclosure of their home and obtain money damages. Their lawsuit relates to a line of credit secured by their home that Plaintiffs obtained in 2005 from Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiffs' second amended complaint again asserts that the foreclosure was wrongful, but does not add allegations of underlying facts to explain why the foreclosure was wrongful. The second amended complaint asserts two additional claims: (1) fraud, based on an alleged interaction with the manager of a Wells Fargo retail banking location and (2) unspecified violations of the Real Estate Settlement Procedures Act ("RESPA"). ECF 63.

In its prior Order, the Court advised Plaintiffs that, to state a plausible claim for relief, they "may not simply recite the elements of a cause of action." ECF 62. Plaintiffs' fraud claim fails to state a claim because it simply recites the elements of a cause of action, and does not

plead facts to support that claim, much less with the particularity required under Rule 9 of the Federal Rules of Civil Procedure. To establish a claim for fraud under Oregon law, Plaintiffs must allege a materially false statement made knowingly with the intent to induce reliance, which causes harm as a proximate result of such detrimental reliance. *Munson v. Wells Fargo Bank*, 2018 WL 6515131, at *3 (D. Or. Dec. 11, 2018). Plaintiffs "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This stringent pleading standard requires plaintiffs to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *Taylor v. Gorilla Capital, Inc.*, 2018 WL 3186946, at *3 (D. Or. June 28, 2018); *Munson*, 2018 WL 6515131, at *3 (plaintiffs must allege "the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentation.").

Plaintiffs instead recite the elements required to establish a claim for fraud and assert that Wells Fargo engaged in fraud when it failed to produce documents regarding their loan, and that Wells Fargo engaged in fraud when Plaintiffs were not able to obtain copies of loan documents from Wells Fargo. Such conclusory assertions are not sufficient to establish a plausible claim for relief under the pleading standard because they do not establish "the who, what, when, where, and how" of Wells Fargo's alleged fraudulent conduct. *Taylor*, 2018 WL 3186946, at *3.

Plaintiffs also reference RESPA, but do not describe how Defendants violated RESPA nor what factual allegations support that purported RESPA claim. This added claim, too, fails to state any claim upon which relief may be granted.

## CONCLUSION

The Court gave Plaintiffs leave to amend their prior complaint in the event that they could overcome the deficiencies in their earlier pleadings. The amended complaint does not overcome those deficiencies, and the Court does not have reason to believe Plaintiffs could state a plausible claim if given leave to amend again. Under the circumstances, the Court may act

PAGE 3 – ORDER

"within its discretion to deny leave to amend when," as is the case here, "amendment would be futile." *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). Defendants' motions to dismiss (ECF 65 and ECF 66) are therefore GRANTED. Plaintiffs' second amended complaint (ECF 63) is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 25th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge